KLIEBERT, Judge.
This is an appeal from a suit for damages brought by Mr. and Mrs. Roger Sandridge, plaintiffs, against their neighbors, Mr. and Mrs. John Sunseri. Plaintiffs’ suit was grounded in a contention defendant, Mrs. Sunseri, caused damage to their lawn by throwing grease thereon.
Mrs. Sunseri and Mr. Sandridge were the only witnesses to appear and testify. Mr. Sandridge had obtained a photograph of Mrs. Sunseri holding a frying pan in her hand and standing on her carport next to his property. He testified that he took the photograph when he saw Mrs. Sunseri emptying the contents of the frying pan onto his lawn. From its smell and feel, he believed the contents of the frying pan to be grease. According to Mr. Sandridge’s testimony, there were burned spots on his lawn which he believed were caused by the grease thrown by Mrs. Sunseri. Mrs. Sun-seri admitted emptying the contents of the frying pan onto the lawn, but contended that the same was soapy water rather than grease. Also introduced into evidence were several soil sample reports from the L.S.U. Laboratory indicating that the soil should grow St. Augustine grass very well and if it did not, it was probably due to insect or disease. There was also evidence introduced that the neighbors had been feuding for some time over a common sewerage service.
The trial judge dismissed the plaintiffs’ action because plaintiffs failed to carry the burden of proof by showing that the burned spots on the lawn were caused by the defendants.
After a careful review of the record, we find, as did the trial judge, that the plaintiffs have failed to show that the substance thrown onto the lawn by Mrs. Sun-seri was the cause in fact of the brown or burnt spots on the lawn. Although Mr. Sandridge testified that he believed from its feel and smell that the substance emptied from the pan was grease, the only *609 other witness, Mrs. Sunseri, remained steadfast in her position it was soapy water. Under the standard of appellate review set by the Supreme Court in Canter v. Koehr-ing, 283 So.2d 716 (La.1973), where there is a reasonable evaluation of credibility, we should not disturb the trial judge’s conclusion because he, looking at live witnesses, as opposed to our looking at a cold record, is in a better position to evaluate the credibility of the witness.
Accordingly, the judgment of the lower court is affirmed. All costs of appeal to be borne by the appellant.
AFFIRMED.